**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
JANE DOE I, JANE DOE II, JANE DOE III and JANE DOE IV,

                      *Plaintiffs*,

      v.

HARVEY WEINSTEIN, ROBERT WEINSTEIN, MIRAMAX HOLDING CORP., MIRAMAX FILM NY, LLC f/k/a MIRAMAX FILM CORP., THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC. and DOE CORP. 1-10,

                      *Defendants*.
------------------------------------------------------------------X

Civil Case No.: 20-cv-05241 (GBD)


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**


                           **MERSON LAW, PLLC**

                           Jordan K. Merson

                           150 East 58th Street, 34th Floor
                           New York, New York 10155
                           jmerson@mersonlaw.com

                           *Attorney for Plaintiffs Jane Doe I, Jane Doe*
                           *II, Jane Doe III and Jane Doe IV*


**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………...............ii

PRELIMINARY STATEMENT…………………………………………………….................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY…………………….....................2

LEGAL STANDARD……………………………………………………………............…..3

LEGAL ARGUMENT……………………………………………………….............……....5

    I.    REMOVAL IS IMPROPER UNDER 28 U.S.C. § 1452 …………….........………......5

        A. Defendant's claims of indemnification do not support "related to" jurisdiction……………………………………………………………...........……….5

        B. Defendant's claim that discovery could implicate TWC's property is rank speculation, and even if true, does not support federal jurisdiction……....................9

        C. The proposed global settlement agreement has been rejected …………...........…10

    II.    THE CASE SHOULD BE REMANDED TO STATE COURT BASED ON THE PRINCIPLES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND……………………………………………………………...............11

    III.    DEFENDANT'S REMOVAL WAS OBJECTIVELY UNREASONABLE AND PLAINTIFF SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS……………………………………………………………...............13

CONCLUSION……………………………………………………………...............…..15

# **TABLE OF AUTHORITIES**

**Cases**

*Allstate Ins. Co. v. CitiMortgage, Inc.*
   No. 11 Civ. 1927 RJS, 2012 WL 967582 (S.D.N.Y. Mar. 13, 2012) .................................12

*Allstate Ins. v. Credit Suisse Securities (USA) LLC*
   2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) ....................................................................10

*California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*
   368 F.3d 86 (2d Cir. 2004).................................................................................................4

*Canosa v. Ziff*
   No. 18 Civ. 4115, 2018 WL 3642631 (S.D.N.Y. Aug. 1, 2018) .........................................6

*Cardona v. Mohabi*
   2014 WL 1804793 (S.D.N.Y. May 6, 2014) ....................................................................15

*CMGRP, Inc. v. Agency for the Performing Arts, Inc.*
   689 F. App'x 40 (2d Cir. 2017) ........................................................................................14

*D'Alessio v. New York Stock Exchange Inc.*
   258 F.3d 93 (2d Cir. 2001) ……………………………....………………………....…...3

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*
   496 B.R. 706 (S.D.N.Y. 2013) ....................................................................................12-13

*Gen. Elec. Capital Corp. v. Por-Fac Coop.*, Inc.
   2002 WL 1300054 (S.D.N.Y. June 11, 2002) ..................................................................10

*Hanna v. Plumer*
   380 U.S. 460 (1965) .........................................................................................................14

*Harraz v. EgyptAir Airlines Co.*
   2019 WL 6700946 (S.D.N.Y. Dec. 9, 2019) …………………………………….….......4

*Huebner v. Midland Credit Management Inc.*
   2015 WL 1966280 (S.D.N.Y. May 1, 2015) ....................................................................13

*In re Cathedral of the Incarnation in the Diocese of Long Island*
   99 F.3d 66 (2d Cir.1996) ..................................................................................................11

*In re Chateaugay Corp.*
   213 B.R. 633 (S.D.N.Y. 1997) …………………………………………………………5-6

*In re Cody, Inc.*
    281 B.R. 182 (S.D.N.Y. 2002) ...............................................................................12

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*
    488 F.3d 112 (2d Cir. 2007) …………………………………………………...4

*KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.*
    600 B.R. 214 (S.D.N.Y. 2019) ...............................................................................11

*Langston Law Firm v. Mississippi*
    410 B.R. 150 (S.D.N.Y. 2008) ...............................................................................12

*Linardos v. Fortuna*
    157 F.3d 945 (2d. Cir. 1998) …………………………………………….......…....4

*Martin v. Franklin Capital Corp.*
    546 U.S. 132 (2005) ...............................................................................................14

*Merrell Dow Pharm. Inc. v. Thompson*
    478 U.S. 804 (1986) …………………………………………………......……...3

*Morton v. Citibank*
    18-CV-9048, 2019 WL 3066412 (S.D.N.Y. 2019) ……………………………........3

*Ostrowitz v. Eli D. Albert, P.C.*
    1991 WL 236491 (S.D.N.Y. Oct. 30, 1991) ....................................................14

*Pan Atl. Grp., Inc. v. Republic Ins. Co.*
    878 F. Supp. 630 (S.D.N.Y. 1995) ……………………..………......…........4

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*
    639 F.3d 572 (2d Cir. 2011) ……………………………………………….....5-6

*Post Inv'rs LLC v. Gribble*
    No. 12 Civ. 4479, 2012 WL 4466619 (S.D.N.Y. Sept. 27, 2012) ………………....…....5

*Prop. Clerk v. Fyfe*
    197 F. Supp. 2d 39 (S.D.N.Y. 2002).………………………………….....…....3

*Owen Equipment & Erection Co. v. Kroger*
    437 U.S. 365 (1978) …………………………………………………....……....8

*Sokola v. Weinstein, et al.*
    SDNY Docket No. 1:20-cv- 0925-LJL………………………………......................passim

iii

*SPV OSUS Ltd. v. UBS AG*
    882 F.3d 333 (2d Cir. 2018) …………………………………………………...…......5-6

*Worldview Entm't Hldgs. Inc. v. Woodrow*
    611 B.R. 10 (S.D.N.Y. 2019) ......................................................................................11-12

## **Statutes**

28 U.S.C. § 1334(b)…………………………………………………………………………..1-5

28 U.S.C. § 1334(c)(1).……………………………………………………………….............11

28 U.S.C. § 1334(c)(2).……………………………………………………………….............8

28 U.S.C. § 1447(c).…………………………………………………………………….......14-15

28 U.S.C. § 1452(a).…………………………………………………………………….......3, 8

28 U.S.C. § 1452(b).……………………………………………………………………......11

## **Other Authorities**

Fed R. Civ. Pro. 1 ..................................................................................................................13-14

Fed R. Civ. Pro. 11 ...................................................................................................................15

**PRELIMINARY STATEMENT**

Plaintiffs Jane Doe I, Jane Doe II, Jane Doe III and Jane Doe IV (collectively "Plaintiffs") now move this Court to remand the instant action back to the Supreme Court of the State of New York, County of New York, where this case was originally filed, on the grounds that Defendant Robert Weinstein's Notice of Removal, which relies upon 28 U.S.C. § 1334(b), is improper because neither his claims for indemnification against The Weinstein Company ("TWC"), nor the now rejected Global Settlement Agreement, support "related to" jurisdiction. (Attached hereto as Exhibit "1" is a true and correct copy of Defendant's Notice of Removal dated July 8, 2020). There is also an absence of both federal question jurisdiction, as all of Plaintiffs' claims are of the state law variety, and diversity jurisdiction, as one Plaintiff, and multiple Defendants, are residents of New York State.

Rather, Defendant Robert Weinstein ("Defendant" or "Mr. Weinstein") has claimed that removal to this Court is appropriate because the action is "related to" TWC and its subsidiaries' ongoing bankruptcy cases. However, neither TWC, nor its subsidiaries, are Defendants in this case. Indeed, while Defendant relies on his contractual rights to indemnification against TWC in connection with the claims asserted by Plaintiffs Jane Doe III and Jane Doe IV, and the proposed channeling injunction in the now rejected Global Settlement Agreement, this same argument was already made, and subsequently rejected, by Hon. Lewis J. Liman, U.S.D.J. on July 2, 2020 in the matter of *Sokola v. Weinstein*, *et al.*, S.D.N.Y Civil Case No. 1:20-cv- 0925-LJL. (Attached hereto as Exhibit "2" is a true and correct copy of Judge Liman's Decision dated July 2, 2020). Furthermore, due to the fact that Defendant removed this matter after Judge Liman's decision in *Sokola*, and Plaintiffs are now forced to make a motion on a matter already decided by this very Court, Plaintiffs also hereby request reimbursement for fees and costs.

As such, and as more fully set forth below, it is respectfully requested that Plaintiffs' Motion to Remand the instant action back to the Supreme Court of the State of New York, County of New York be granted in its entirety, together with such other and further relief as this Court deems just and proper.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action involves claims related to the now convicted serial sex offender Harvey Weinstein and his use of his power and influence in the entertainment industry including, but not limited to, his ownership and control of Defendants Miramax Holding Corp. and Miramax Film NY, LLC f/k/a Miramax Film Corp. (collectively "Miramax"), his affiliation with Defendants The Walt Disney Company and Disney Enterprises, Inc. (collectively "Disney") and his ownership and control of Defendant Doe Corp. 1-10, to entice and intimidate unsuspecting females, including Plaintiffs, into compromising situations where he could use his power, threats and when those failed, physical force to sexually abuse, assault, batter and/or falsely imprison them.

On May 28, 2020, Plaintiffs filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York ("State Court Action") (New York County Index No.: 950110/2020). (Attached hereto as Exhibit "3" is a true and correct copy of Plaintiffs' Summons and Verified Complaint dated May 28, 2020). As alleged in the State Court Action, Mr. Weinstein, Miramax, Disney and Doe Corp. 1-10 negligently permitted and enabled Harvey Weinstein to sexually assault Plaintiffs based on the fact that they were previously aware of, and repeatedly helped conceal, similar claims of sexual misconduct.

On July 8, 2020, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1334(b). *See* Exhibit 1 at ¶ 19. In his Notice of Removal, Defendant stated that subject matter jurisdiction exists because "the instant Action is related to the [TWC] Bankruptcy Cases." *See id.* at ¶ 20.

Defendant's argument for subject matter jurisdiction relied on Mr. Weinstein's indemnification and insurance claims, and a proposed Global Settlement Agreement. However, Plaintiffs have not made any claim against TWC in this action. In fact, the claims made by Jane Does I and II relate to conduct that occurred years before TWC even existed, while the claims made by Jane Does III and IV are focused on Mr. Weinstein, Miramax, Disney and Doe Corp. 1-10's failure to stop Harvey Weinstein long before the formation of TWC. Additionally, the Global Settlement Agreement was rejected on July 14, 2020, just days after Defendant's Notice of Removal was filed. In short, Plaintiffs' claims in no way relate to TWC's bankruptcy proceedings. As such, 28 U.S.C. § 1334(b) does not provide this Court with jurisdiction over Plaintiffs, and subsequently, this action.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Additionally, "removal jurisdiction ... is 'determined by reference to the well-pleaded complaint.'" *See D'Alessio v. New York Stock Exchange Inc.*, 258 F.3d 93, 100 (2d Cir. 2001) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

Subsequently, pursuant to 28 U.S.C § 1447(c), a motion to remand for lack of subject matter jurisdiction may be brought at any time the action is pending in federal court. The standard is clear that district courts must remand actions, like this one, that have been removed from state court "[i]f at any time before final judgment it appears that the[y] lack[] subject matter jurisdiction." *See Morton v. Citibank*, 18-CV-9048, 2019 WL 3066412, *2 (S.D.N.Y. 2019); *see also Prop. Clerk v. Fyfe*, 197 F. Supp. 2d 39 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1447(c)). As a

general matter, "there is a presumption against removal, and uncertainties tend to weigh in favor of remand." *See Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019); *see also Pan Atl. Grp., Inc. v. Republic Ins. Co*., 878 F. Supp. 630, 638 (S.D.N.Y. 1995) ("Where federal jurisdiction on removal is doubtful, the action should be remanded."). Furthermore, the Second Circuit has made clear that, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [the Court] must resolve any doubts against removability." *See In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation and internal quotation marks omitted).

In the instant action, Defendant's Notice of Removal states that the basis for his removing of this action to federal court is "related to" jurisdiction pursuant to 28 U.S.C. §1334(b) which states, in pertinent part, that a federal court "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See* Exhibit 1 at ¶ 19. Yet, as detailed below, Defendant's arguments in support of removal are legally deficient and unsupported by competent proof. Thus, Defendant does not meet the legal standard for establishing jurisdiction. *See California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("[D]efendant bears the burden of demonstrating the propriety of removal") (internal quotations omitted); *see also Linardos v. Fortuna*, 157 F.3d 945, 947 (2d. Cir. 1998) ("[It is] hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction… [and] [t]hat party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with competent proof.") (internal quotations omitted).

**LEGAL ARGUMENT**

**I. REMOVAL IS IMPROPER UNDER 28 U.S.C. § 1452**

**A. Defendant's claims of indemnification do not support "related to" jurisdiction**

Defendant argues that removal to this Court is appropriate because the action is "related to" TWC and its subsidiaries' ongoing bankruptcy cases by virtue of Mr. Weinstein's indemnification and insurance claims against TWC. *See* Exhibit 1 at ¶ 19. In support of this argument, Defendant cites to 28 U.S.C. § 1334(b) which confers jurisdiction upon this Court to hear all civil proceedings that are "related to cases under title 11" of the Bankruptcy Code. *See id.* In further arguing that the present action is "related to" TWC and its subsidiaries' ongoing bankruptcy cases, Defendant relies on the "conceivable effects test" referenced in *SPV OSUS Ltd.* which held that "a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankruptcy estate." *See id.* (citing to *SPV OSUS Ltd. v. UBS AG*, 882 F.3d 333, 339-40 (2d Cir. 2018) (quoting *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011)).

Defendant further relies on *Parmalat Capital Fin. Ltd.*'s assertion that a "claim need not be certain to provide a federal court with jurisdiction: 'contingent outcomes can satisfy the 'conceivable effects' test, so long as there is the *possibility* of an effect on the estate.'" *See id*. (citing to *SPV OSUS Ltd.*, 882 F.3d at 340). However, Defendant fails to acknowledge that the "conceivable effects" test is not limitless. *See Post Inv'rs LLC v. Gribble*, No. 12 Civ. 4479, 2012 WL 4466619, at *3 (S.D.N.Y. Sept. 27, 2012) ("'[R]elated to' jurisdiction is still cabined" and that "any contingencies cannot be too far removed; too many links in the chain of causation before the bankruptcy estate is affected may preclude 'related to' jurisdiction."); *see also In re Chateaugay*

5

*Corp*, 213 B.R. 633, 640 (S.D.N.Y. 1997) ("[T]he mere assertion of an indemnity claim against a debtor, no matter how baseless, cannot trigger bankruptcy jurisdiction").

In fact, in the Second Circuit, "related to" bankruptcy jurisdiction may be found *only* where the "action's *outcome* might have any conceivable effect on the bankruptcy estate." *See SPV Osus Ltd.* at 339-40 (quoting *Parmalat Capital Fin. Ltd.*, 639 F.3d at 579) (*emphasis* added). Contrary to Defendant's assertion, his claims for indemnification against TWC fail to support "related to" jurisdiction. As stated by Hon. Lewis L. Liman, U.S.D.J. in *Sokola*, "there is no reasonable legal basis for an indemnification claim ... [as] the TWC Employment Agreement limits the claims for which Robert Weinstein is indemnified to those which arise out of his role with TWC or its affiliated entities." *See* Exhibit 2 at p. 17.

The reality is that the instant action is more similar to *Sokola* than *Canosa*, as here, Plaintiffs' have not alleged claims and/or causes of action arising out of Defendants', including Robert Weinstein's, role with TWC or its affiliates, and therefore, Defendants have no plausible claims for indemnification against TWC. *Contra Canosa v. Ziff*, No. 18 Civ. 4115, 2018 WL 3642631, at *4-6 (S.D.N.Y. Aug. 1, 2018) (Because plaintiff, an alleged victim of Harvey Weinstein, made claims against TWC (the debtor) and various TWC officer and directors based on Harvey Weinstein's sexual abuse of her, Judge Engelmayer held that the various claims for indemnification could conceivably affect the TWC bankruptcy, which supported a finding of "related to" bankruptcy jurisdiction.).

First and foremost, Defendant's own Notice of Removal explicitly recognizes that Robert Weinstein's contractual rights to indemnification against TWC are specifically limited to any claims arising out of or in connection with TWC's business or affairs. *See* Exhibit 1 at ¶ 21. As such, and dispositively, the claims of Jane Doe I and Jane Doe II, which accrued long before the

formation of TWC, cannot possibly have any effect on the funds available for distribution to TWC's creditors. Indeed, Jane Doe I's claims occurred in 1984, twenty-one (21) years prior to TWC's formation in 2005, and Jane Doe II's claims occurred in 1994 when she was seventeen years old, eleven (11) years prior to TWC's formation. *See* Exhibit 3 at ¶¶ 39 and 54. It is also important to note that Jane Doe II's claims fall under the New York State law CPLR § 214-g (the "Child Victims Act" or "CVA"). In sum, Jane Doe I and Jane Doe II "do[] not have any claim[s], nor [are they] asserting [any], that [are] related to Robert Weinstein's role as a TWC officer, director, employee, or agent, and Robert Weinstein risks no liability from his conduct as a TWC officer, director, employee, or agent because of [their] lawsuit." *See* Exhibit 2 at p. 18. As such, Mr. Weinstein fails to establish how Jane Doe I and Jane Doe II obtaining a judgment against Defendants for actions and/or omissions prior to the formation of TWC will have any effect on the funds available for distribution to TWC's creditors. The insurance policies owned by Disney that may satisfy such a judgment are not assets of TWC. Therefore, it is wrong for Defendant to suggest that any dollar paid by those policies as a result of the outcome of this case will be a dollar less than is available to creditors of TWC's debtors.

Furthermore, as it pertains to Jane Doe III and Jane Doe IV, even though they were sexually assaulted by Harvey Weinstein after the formation of TWC, this Court should still follow Judge Liman's ruling in *Sokola* as, just like Jane Doe I and Jane Doe II, they are not "asserting [claims] that [are] related to Robert Weinstein's role as a TWC officer, director, employee, or agent, and Robert Weinstein risks no liability from his conduct as a TWC officer, director, employee, or agent because of [their] lawsuit." *See id.* Rather, their claims relate to Mr. Weinstein's knowledge and active concealment of his brother's ongoing propensity to sexually abuse young women and girls prior to the formation of TWC. *See* Exhibit 3 at ¶¶ 95-102. Because Mr. Weinstein's actions and/or

omissions regarding Harvey Weinstein's abuse began prior to the formation of TWC, even though said abuse continued after TWC's creation, Jane Doe III and Jane Doe IV's claims are sufficiently unrelated to TWC's operations. As such, any claims for indemnification and insurance regarding the same will not affect the TWC Debtors' estates.

Finally, removal is simply improper *all together* as to Jane Doe III, because even if this Court were to determine that her claims are "related to" TWC's bankruptcy proceeding, 28 U.S.C. § 1334(c)(2) unequivocally states that "[u]pon timely motion of a party in a proceeding based on a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in the State forum of appropriate jurisdiction.*" (*emphasis* added). As such, because all of her claims are of the state law variety and she shares New York residency with some of the Defendants herein, it is clear that her action "could not have been commenced in a court of the United States absent jurisdiction under [28 U.S.C. § 1334]". *See* 28 U.S.C. § 1334(c)(2); *see also Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (ruling that "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity.") (emphasis in original). Accordingly, because her action was also "commenced, and can be timely adjudicated, in a State forum of the appropriate jurisdiction", this Court "[should] abstain from hearing [the] proceeding." As such, because 28 U.S.C. § 1334 is not satisfied, removal is improper under 28 U.S.C. § 1452(a).

## B. Defendant's claim that discovery could implicate TWC's property is rank speculation, and even if true, does not support federal jurisdiction

Defendant also asserts that the litigation of this action will impact the Debtors' estates in other ways, namely that Plaintiffs will take discovery with respect to his conduct while employed by TWC. As such, Defendant argues that he will be entitled to indemnification with respect to that discovery from TWC, giving him a right to property of the estate. Defendant further asserts that, "[s]uch discovery will necessarily impact the TWC Debtors' estates-which possess and control TWC documents and records-by imposing burdens in terms of both cost and devotion of time, and may also trigger additional claims for indemnification against the TWC Debtors and for insurance coverage against the TWC Debtors' insurers, thereby further draining the TWC Debtors' estates." *See* Exhibit 1 at ¶ 22. Yet, as already determined by the Southern District in *Sokola*, "the chances that Robert Weinstein will incur any cost or expense in the State Court Action that would entitle him to indemnification from TWC are not only remote, but purely speculative… [and] a claim for indemnification that is only theoretically possible and otherwise remote or speculative is not sufficient to create 'related to' jurisdiction." *See* Exhibit 2 at p. 22.

Even if the TWC insurance policies are property of the estate, the outcome of this action, whether in federal or state court, cannot and will not have any conceivable effect on that property. Jane Doe I and Jane Doe II's claims arise from sexual assaults limited to the time period before Mr. Weinstein was employed by TWC and before any of the TWC policies became effective, and Jane Doe III and Jane Doe IV's claims are limited to Mr. Weinstein, Miramax, Disney and Doe Corp. 1-10's failure to stop Harvey Weinstein before he even arrived at TWC and was subject to TWC's policies. Therefore, Mr. Weinstein's claim that "at a minimum" discovery in this action will encompass TWC documents is "purely speculative", and therefore, a claim for indemnification arising therefrom is insufficient to create "related to" jurisdiction. *See id.*; *see also*

9

*Gen. Elec. Capital Corp. v. Por-Fac Coop.*, Inc., 2002 WL 1300054, at *2 (S.D.N.Y. June 11, 2002) ("[P]otential ramifications are insufficient to render the claims that have been asserted against the non-debtor Defendants 'related to' Debtor's bankruptcy proceeding."); *Allstate Ins. v. Credit Suisse Securities (USA) LLC,* 2011 WL 4965150, at *4 (S.D.N.Y. Oct. 19, 2011) ("[T]he potential applicability of indemnification provisions is not by itself the equivalent of an effect on an indemnifier's bankruptcy proceedings.").

### C. The proposed global settlement has been rejected

In further support of his Notice of Removal, Defendant also relies, in large part, on the proposed Global Settlement Agreement. However, that agreement was rejected by Hon. Alvin K. Hellerstein, U.S.D.J. on July 14th, 2020 for, *inter alia*, violating plaintiffs' due process rights. (Attached hereto as Exhibit "4" is a true and correct copy of Judge Hellerstein's Decision dated July 14, 2020). As such, that argument is now moot. Therefore, Defendant cannot plausibly claim that there is federal jurisdiction based on the now rejected agreement.

However, even if the Court had approved the proposed Global Settlement, it would still have failed to support "related to" jurisdiction. As explained by Judge Liman in *Sokola*, Mr. Weinstein's argument that there was "related to" jurisdiction based on his coverage claims against insurers for Disney and Miramax, and the role that those insurance policies played in the agreement, "reflect[ed] a fundamental misunderstanding of 'related to' jurisdiction." *See* Exhibit 2 at p. 26. Judge Liman further explained that "[w]hether Plaintiff prevails in her claims against Disney in this action will itself have no impact on TWC's debtor's rights, liabilities, options, or freedom of action or the administration of the plan, which will remain the same before and after the outcome of this action." *See id*. Judge Liman also emphasized that, "Robert Weinstein's argument would permit any state court defendant who might have a claim to or from a bankruptcy

10

estate to assert bankruptcy jurisdiction and rob the state court of its jurisdiction and a plaintiff of her choice of forum." *See id*. at p. 27.

Defendant further argues that the proposed channeling injunction in the now rejected Global Settlement Agreement supports "related to jurisdiction" by citing to the holding in *Worldview Entm't Hldgs. Inc. v. Woodrow* which recognized that "related to" jurisdiction has been deemed to exist in, "cases where the court enjoins a creditor from suing a third party in order to keep in place the debtor's reorganization plan." *See Worldview Entm't Hldgs. Inc. v. Woodrow*, 611 B.R. 10, 16 (S.D.N.Y. 2019). However, that is simply not the case here. Plaintiffs are not asking the Court to enjoin a suit by a third-party creditor against a non-debtor in order to preserve *res* of TWC's estate. Therefore, Plaintiff's argument is not only moot, but legally deficient and inapplicable to the case at hand.

## II. THE CASE SHOULD BE REMANDED TO STATE COURT BASED ON THE PRINCIPLES OF PERMISSIVE ABSTENTION AND EQUITABLE REMAND

Even if this Court determines that it has subject matter jurisdiction over Plaintiffs' claims, which Plaintiffs maintain that it does not, it should nevertheless decline to adjudicate this action based on the principles of permissive abstention and equitable remand. Pursuant to 28 U.S.C. § 1334(c)(1), this Court may abstain from adjudicating an action, "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. §1452(b) further mandates that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." *See KeyBank Nat'l Ass'n v. Franklin Advisers, Inc.,* 600 B.R. 214, 226 (S.D.N.Y. 2019); *see also In re Cathedral of the Incarnation in the Diocese of Long Island*, 99 F.3d 66, 69 (2d Cir.1996) ("[28 U.S.C. §] 1452(b)'s reference to an 'equitable ground' means one that is fair and reasonable, rather than one that originated in the chancery courts or is discretionary"); *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011) ("The two

11

inquiries are essentially the same and are often analyzed together.). In determining whether to remand a case under these principles, Courts in this District consider any number of the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*See Worldview Entm't Hldgs Inc. v. Woodrow*, 611 B.R. 10, 20 (S.D.N.Y. 2019); *see also Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706, 713 (S.D.N.Y. 2013); *Allstate Ins. Co. v. CitiMortgage, Inc.*, No. 11 Civ. 1927 RJS, 2012 WL 967582, at *6 (S.D.N.Y. Mar. 13, 2012); *Langston Law Firm v. Mississippi*, 410 B.R. 150, 156 (S.D.N.Y. 2008); *In re Cody, Inc.*, 281 B.R. 182, 190 (S.D.N.Y. 2002).

None of the above-mentioned factors support continuing this action in federal court, with more than a few factors weighing *heavily* in favor of this Court abstaining and remanding this action to state court. In support of the second, sixth, seventh, and eighth factors, Plaintiffs' state law claims substantially "predominate over" the claims of which the district court has original jurisdiction, and there are no bankruptcy or other federal issues presented. *See id.* Indeed, this action involves *entirely* state law claims; there are no federal claims or federal questions presented. This further supports the third factor considering that Jane Doe II's claims arise under the CVA. Claims arising under the CVA, a recently passed New York statute, have previously been

remanded to state court out of this very court, further lending support to the fourth factor. *See* Exhibit 2 at pp. 33-34. Moreover, the CVA has yet to be interpreted and applied by any state appeals court which again weighs in favor of state court adjudication. *See Fried*, 496 B.R. at 713 ("If the state law claims here were difficult or unsettled … that would weigh in favor of state court adjudication."). As to the fifth factor, as previously mentioned, there is no basis for federal jurisdiction whatsoever due to the lack of both subject matter and personal jurisdiction over all of Plaintiffs' claims. Furthermore, in support of the sixth factor, the instant action is too far removed from TWC's bankruptcy proceedings as TWC is not a defendant in this case, and all of the claims against Mr. Weinstein predated the creation of TWC and/or do not have any impact on TWC's business operations. With regard to the ninth factor, this action is again too far removed from TWC and its subsidiaries' bankruptcy cases and, therefore, would waste this Court's limited time and resources on a matter that does not otherwise fall within this Court's jurisdiction. Finally, as to the tenth factor, and as more fully set forth in the following section of this memorandum, Mr. Weinstein is blatantly attempting to forum shop by removing a case involving only state law claims to a federal court on the weak basis of a possible relation to the bankruptcy of a nondefendant.

### III. DEFENDANT'S REMOVAL WAS OBJECTIVELY UNREASONABLE AND PLAINTIFF SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS

Defendant's removal was objectively unreasonable as a similar case that he previously removed was remanded by this very court on July 2, 2020. *See* Exhibit 2 at pp. 35-36. Defendant removed the instant action on July 9, 2020, knowing full well that these same arguments were already rejected by this very Court. This is nothing short of a frivolous violation of the cardinal rule of Federal Civil Procedure which guarantees a "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed R. Civ. Pro. 1; *see also Huebner v. Midland Credit Management Inc.*, 2015 WL 1966280, at *4 (S.D.N.Y. May 1, 2015) (emphasizing the Courts' and

the parties' need to be actively involved in achieving the goals of "just, speedy, and inexpensive determination" of cases).

Furthermore, Defendant's action of removing to this court after this same argument was already rejected in *Sokola* is a clear act of forum-shopping, which should be condemned. *See Ostrowitz v. Eli D. Albert, P.C.*, 1991 WL 236491, at *2 (S.D.N.Y. Oct. 30, 1991) ("[I]n filing their notice of removal, without ground to do so" defendants were impermissibly forum shopping); *see also Hanna v. Plumer,* 380 U.S. 460, 467 (1965) (construing *Erie v. Tompkins R.R. Co.* as an attempt to combat the improper "practice of forum-shopping" between state and federal courts). As such, this Court should remand this matter to state court to avoid rewarding Mr. Weinstein's attempt at forum-shopping, and to deter others from doing the same. In addition to forum-shopping, Mr. Weinstein's removal is a waste of time and resources considering the unavoidable fact that his arguments for such removal have already been rejected. As such, Defendant's removal was a frivolous attempt to prolong this litigation in direct violation of Fed R. Civ. Pro. 1.

The federal removal statute, 28 U.S.C. § 1447(c), provides that a plaintiff may be entitled to "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal" when a court remands a case that has been improperly removed to federal court. In *Martin v. Franklin Capital Corp.*, the Supreme Court held that "[t]he appropriate test for awarding fees under 28 U.S.C. § 1447(c) should recognize the desire to deter removals sought for purposes of prolonging litigation and imposing costs on the opposing party." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005); *see also CMGRP, Inc. v. Agency for the Performing Arts, Inc.*, 689 F. App'x 40, 41 (2d Cir. 2017). Mr. Weinstein's removal was an improper and frivolous attempt to prolong this litigation and impose costs on the opposing party and, therefore, entitles Plaintiffs to all attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

Moreover, due to the fact that Defendant's prior removal to the Southern District in *Sokola* was ultimately remanded, this Notice of Removal was entered in objectively bad faith pursuant to Fed. R. Civ. Pro. 11. Therefore, Plaintiffs are also entitled to attorneys' fees and costs under 28 U.S.C. § 1447(c). *See Cardona v. Mohabir,* 2014 WL 1804793 (S.D.N.Y. May 6, 2014) (finding that blatantly improper removal inhibited the ability for a just, speedy and inexpensive trial in violation of Fed. R. Civ. Pro. 1 and, thus, constituted a bad faith effort in violation of Fed. R. Civ. Pro. 11, allowing for the imposition of sanctions against defendant). As such, *at the very least*, Plaintiffs are entitled to a reimbursement of the costs and fees expended in connection with making this motion.

## **CONCLUSION**

Based on the foregoing**,** it is respectfully requested that Plaintiffs' Motion to Remand the instant action back to the Supreme Court of the State of New York, County of New York be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: August 6, 2020
      New York, New York

                                                  MERSON LAW, PLLC

By: _Jordan Merson_
      Jordan K. Merson
      150 East 58th Street, 34th Floor
      New York, New York 10155
      Telephone: (212) 603-9100
      Facsimile (347) 441-4171
      jmerson@mersonlaw.com

      *Attorney for Plaintiffs Jane Doe I, Jane Doe II, Jane Doe III and Jane Doe IV*