**Schulte Roth & Zabel** LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2441

Writer's E-mail Address
gary.stein@srz.com

October 10, 2020

**VIA ECF**

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10017-1312

      Re:  *Jane Doe I, et al. v. Harvey Weinstein, et al.*, **No. 1:20-cv-05241-GBD**

Dear Judge Daniels:

      We are counsel to Defendant Robert Weinstein ("Mr. Weinstein") in the above-referenced action and write, on behalf of all Defendants and with the consent of Plaintiffs, to respectfully request the Court adjourn the date by which Defendants must answer or otherwise respond to the Complaint pending the Court's decision on Plaintiffs' motion to remand the action back to state court (the "Remand Motion") (ECF Nos. 13-15).

      The current deadline for Defendants' responses to the Complaint is October 14, 2020, which Your Honor set by order dated July 16, 2020 (ECF No. 12), following Mr. Weinstein's submission of a letter notifying the Court of Plaintiffs' stated intention to move to remand the action back to state court (ECF No. 10).[1]  Plaintiffs filed their Remand Motion on August 6, 2020, approximately three weeks after Your Honor set the October 14 deadline.  On August 27, 2020, Mr. Weinstein filed an opposition to the Remand Motion (ECF Nos. 18-20), and on September 10, 2020 Plaintiffs filed their reply brief (ECF No. 21).

      As the pleading and procedural requirements concerning motions to dismiss are different between state and federal court, judicial economy and conservation of party resources favor deferring the briefing on Defendants' anticipated motions to dismiss the Complaint until the Court determines whether this case will proceed in this forum.  Accordingly, we respectfully

---

[1] On the same date, the Court adjourned the Initial Pretrial Conference in this matter until December 9, 2020.  (*See* ECF No. 11.)

Hon. George B. Daniels
October 10, 2020
Page 2

request that the time by which Defendants must answer or otherwise respond to the Complaint be adjourned while the Remand Motion remains pending. To the extent the Court retains jurisdiction over this action, we propose that the Court order Defendants' responses be due 30 days after the Court's denial of the Remand Motion or, in the alternative, and in the event the Court prefers setting a firm date for Defendants' responses, grant an adjournment of 90 days from the current October 14 deadline.[2]

Such an adjournment would be consistent with Your Honor's prior order of July 16, 2020 adjourning the initial response date by 90 days. It would also be consistent with prior determinations of other judges in this District. *See, e.g.*, *Wexler v. Allegion (UK) Ltd.*, No. 16 Civ. 2252 (ER), 2016 WL 6662267, at *1 n.2 (S.D.N.Y. Nov. 9, 2016) (court stayed briefing on motion to dismiss pending resolution of plaintiff's motion to remand); *Pu v. Russell Publ'g Grp., Ltd.*, No. 15-CV-3936 (VSB), 2015 WL 13344079, at *4 (S.D.N.Y. Dec. 29, 2015) (same); *see also In re Residential Capital, LLC*, 515 B.R. 52, 55 & n.3 (Bankr. S.D.N.Y. 2014) (noting that eight judges in this District deferred deciding substantive motions while motion for remand remained pending in related bankruptcy court action). This includes determinations in other litigations arising out of Harvey Weinstein's alleged sexual misconduct. *See Sokola v. Weinstein*, No. 1:20-cv-00925-LJL, ECF No. 11 (S.D.N.Y. Feb. 14, 2020) (adjourning deadline for defendants' responses in light of forthcoming remand motion); *Canosa v. Ziff*, No. 1:18-cv-04115-PAE, ECF No. 52 (S.D.N.Y. June 28, 2018) (doing same where remand motion was pending; "[t]he Court shares the parties' view that a decision on remand ought to precede any motions to dismiss").

As noted above, Defendants previously requested (with Plaintiffs' consent) an adjournment of the deadline to respond to the Complaint in anticipation of the filing of the Remand Motion. All parties to this action have likewise consented to the instant request. In addition, because the Court has not yet set a briefing schedule for subsequent briefing on Defendants' anticipated motions to dismiss, the adjournment requested herein will not affect any other current deadlines.

We appreciate Your Honor's consideration of this request.

                                        Respectfully submitted,

                                        /s/ Gary Stein
                                        Gary Stein

cc:    All Counsel of Record (via ECF)

---

[2] Plaintiffs have requested that we include in this request the following language, to which Defendants have no objection: In the event the Court denies the Remand Motion, Plaintiffs reserve the right to amend the Complaint, and no motions to dismiss should be made until after Plaintiffs amend the Complaint should they elect to do so. The inclusion of any language regarding motions to dismiss shall not be construed to mean that Plaintiffs think such a motion has any basis, and Plaintiffs reserve their rights to oppose any motion to dismiss.